**STATE, ex rel. JOHNSON v. GARMIRE, Chief of Police.**
No. H.C. 3579.
Circuit Court, Dade County.
July 12, 1971.

Louis M. Jepeway and Louis M. Jepeway, Jr., for the petitioner.

William Porter, Miami, for the respondent.

DAVID POPPER, Circuit Judge.

A writ of habeas corpus having been issued out of this court, directing the respondent to produce the petitioner, David Alvin Johnson, for the purpose of inquiring into the cause of his restraint

of liberty, from which the petitioner seeks to be discharged upon the ground that he is being illegally restrained of his liberty by reason of his having been arrested by an employee of the respondent, pursuant to §38-55(b)(2) of the Code of the City of Miami, which the petitioner contends is void for vagueness, and impermissibly overbroad, resulting in the violation of the petitioner's rights under the first, fourth, fifth, sixth, eighth, ninth and fourteenth amendments to the constitution of the United States, and the said writ having duly come on to be heard before the court on the 6th day of July, 1971, and the respondent having produced the body of David Alvin Johnson, as required by such writ, and having made return thereto, and

The court having heard argument of counsel and being of the opinion that, while it is essential for public schools, colleges, libraries and parks to be peaceful, the city of Miami is capable of drafting appropriate ordinances which will strictly define that conduct which is contrary to the public welfare, that §38-55(b)(2) of the Code of the City of Miami —

*"Disorderly conduct: loitering* —

"(b) Loitering. For the purpose of this section, 'loitering' means the act of standing or remaining in or about any public street, public sidewalk, public overpass or public bridge, or other place specifically enumerated herein. A person commits the offense of loitering when he knowingly:

"(2) Loiters in or about a school, college, park buildings, libraries or university campuses, not having any legitimate reason for being there."

is so broad and general that "men of common intelligence must necessarily guess at its meaning and differ as to its application", United States v. Kilgen, 431 F.2d 627 (5 Cir. 1970), and, thus, it is void for vagueness and impermissibly overbroad and, therefore, infringes upon the petitioner's rights as guaranteed by the constitution of the United States and the constitution of the state of Florida, and the court being otherwise fully advised in the premises, it is, therefore,

Ordered and adjudged that §38-55(b)(2) of the Code of the City of Miami is unconstitutional on its face, and is in violation of, and repugnant to, the due process clauses of the constitutions of the United States and of the state of Florida, and it is further

Ordered and adjudged that the writ of habeas corpus herein be, and the same is hereby, sustained, and that the petitioner be, and he is hereby, discharged from custody.